UNITED STATES BANKRUPTCY COURT
EASTER DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

Khan MD Nur Hossain.

                              Debtor.

---------------------------------------------------------X

**Case No: 17-44770-ESS**

**Chapter 11**


PLAN OF REORGANIZATION


Narissa A. Joseph , Esq.
Law Office of Narissa A. Joseph
305 Broadway, Suite 1001
New York, New York 10007
Telephone: 212-233-3060
Fascimile:  646-607-3335

ATTORNEYS FOR THE DEBTOR

## INTRODUCTION

Khan Md Nur Hossain aka Nur Hossain ("Proponent" or "Debtor") proposes this Plan of Reorganization to its Creditors.   UPON CONFIRMATION, THIS PLAN SHALL BE A BINDING OBLIGATION BETWEEN AND AMONG THE DEBTOR AND EACH OF THE DEBTOR'S CREDITORS (AS SUCH TERMS AND DEFINED BELOW).

## ARTICLE I

## DEFINITIONS

As used in this Plan, the following terms will have the meanings hereinafter set forth:

1.1    "Administrative Expenses" Any costs or expenses of administration of the Bankruptcy Case entitled to priority under section 507(a)(2) and allowed under section 503(b) of the Bankruptcy Code, and any fees or charges assessed against the Debtor's Estate under Chapter 123, Title 28, United States Code.

1.2    "Administrative Expense Claims" shall mean claims for payment of an Administrative Expenses.

1.3    "Allowance Date"  shall mean the date which a Disputed Claim becomes an Allowed Claim by Final Order.

1.4    "Allowed Date" shall mean a Claim: (a) to the extent that a Proof of Claim is filed timely or, with leave of the Court, filed late as to which (i) no party-in-interest files an objection or (ii) which is allowed by a Final Order; or (b)  which is listed on the Proponent's schedules or any amendments thereto but which is not listed therein as disputed, unliquidated or contingent.

1.5     "Allowed Secured Claim" shall mean a Secure Claim to the extend it is an Allowed Claim.

1.6     "Allowed Unsecured Claim" shall mean an Unsecured Claim to the extend is an Allowed Claim.

1.7     "Bankruptcy Case" shall mean this Chapter 11 bankruptcy case.

1.8     "Bankruptcy Code shall mean Title 11 of the United States Code (11 U.S.C. § 101 et. seq.

1.9     "Bankruptcy Court" shall mean the Court as defined below.

1.10    "Bar Date" shall mean _____ at 5:00 p.m.

1.11    "Cash" shall mean all cash and cash equivalents which produce immediately available fund in United States dollars.

1.12    "Claim" shall mean a right to payment as set forth in § 101(5) of the Bankruptcy Code.

1.13    "Claimant" shall mean the holder of a Claim.

1.14    "Confirmation Date" shall mean the date of the entry of the Confirmation Order.

1.15    "Confirmation Hearing" shall mean the hearing pursuant to the Bankruptcy Code Section 1128 before the Bankruptcy Court regarding the proposed confirmation of the plan.

1.16    "Confirmation Order" shall mean the order of the Court confirming the Plan.

1.17    "Court" shall mean the United States Bankruptcy Court for the Eastern District of New York.

1.18 "Creditor" shall mean any entity that holds a Claim against the Debtor.

1.19 "Debtor" shall mean Khan MD Nur Hossain aka Nur Hossain.

1.20 "Disputed Claim" shall mean the whole or any portion of any claim against a Proponent to which an objection is timely filed as to which a Final Order has not been entered allowing or disallowing such Claim or any portion thereof.

1.21 "Effective Date" shall mean the Date upon which the Confirmation Order is a Final Order or such other date after the Confirmation Date as may be practicable.

1.22 "Estate" shall mean the estate of the Proponent created upon the commencement of the Bankruptcy Case pursuant to Section 541 of the Bankruptcy Code.

1.23 "Executory Contracts" shall mean "executory contracts" and "unexpired leases" as such terms are used with Section 365 of the Bankruptcy Code.

1.24 "Final Order" shall mean an order of the Court that has not been reversed, modified, amended or stayed, and as to which the time to appeal or to seek review or certiorari thereof has expired, and as to which no appeal, review or rehearing is pending.

1.25 "Interest" shall mean an existing ownership interest in the Debtor.

1.26 "Interest Holder" shall mean a holder and owner of an existing interest.

1.27 "Legal Rate" shall mean the applicable interest rate as set forth in 28 U.S.C. § 1961 as of the Petition Date.

1.28 "Lien" shall mean a charge against or interest in property to secure payment of a debt or performance of an obligation.

1.29    "Petition Date" shall mean September 14, 2017.

1.30    "Plan" shall mean this Plan of Reorganization, and any and all modifications and/or amendments hereto.

1.31    "Property" shall mean property located at 141-37 Grand Central Parkway, Jamaica, NY 11435 and 663-667 Sutter Avenue, Brooklyn, NY 11207.

1.32    "Proponent" shall mean Khan MD Nur Hossain .

1.33    "Secured Claim" shall mean a Claim secured by a Lien on property included within the Debtor's Estate.

1.34    "Secured Creditor" shall mean the owner or holder of a Secured Claim

1.35    "Unsecured Claim" shall mean a claim for which the Claimant does not hold (a) a valid perfected and enforceable Lien, security interest or other interest in or encumbrance against Debtor or the Debtor's Estate; (b) a right to setoff the secured payments of such Claim or (c) a Claim under section 506(a) of the Bankruptcy Code to the extent that a Creditor holds a Lien on Estate property, and the value of such Creditor's interest in such property is less that the amount of such Creditor's Claim.  An Unsecured Claim also includes, but is not limited to, a Claim for damages resulting from rejection of an Executory Contract pursuant to Section 365 of the Bankruptcy Code, and does not include administration of priority claims.

1.36    "Unsecured Creditor" shall mean the owner or holder of an Unsecured Claim.

## Article 2

### CLAIMS CLASSIFICATION AND TREATMENT

### Class 1

2.1 **Classification:** Priority Claims under Sections 507(a)(2), (3), (4). (5), (6), (7) and (8) of the Bankruptcy Code

2.2 **Treatment:** Payment in full in Cash of Allowed Amount on the Effective Date, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of the payment.

2.3 **Voting**: Unimpaired and deemed to have accepted the Plan.

### Class 2

2.4 **Classification**: Secured Claim, JP Morgan Chase Bank, NA

2.5 **Treatment**: JP Morgan Chase Bank shall receive, on the Effective Date, or as soon as practicable after its Claim becomes an Allowed Claim, monthly payments in Cash, as previously agreed to in writing between Debtor and the Secured Lender.

2.6 **Voting**: Unimpaired and deemed to have accepted the Plan

### Class 3

2.7 **Classification:** NYC Dept of Taxation and Dept of Finance

2.8 **Treatment**: Payment in full in Cash in Allow Amount on the Effective Date, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of payment.

2.9 **Voting-** Unimpaired and deemed to have accepted the Plan.

## Class 4

2.10 **Classification:** Secured Claim of Federal National Mortgage Association ("Fannie Mae"/ Seterus Inc.

2.11 **Treatment**: Debtor to pay the prepetition arrears of $350,799.95 over 120 months. Current principal, interest, taxes and insurance to be paid monthly.

2.12 **Voting**: Impaired and entitled to vote to accept or reject the Plan.

## Class 5

2.13 **Classification:** NYCTL 1998-2; NYCTL 2015-A Trust; NYCTL 2016-A Trust //MTAG Services LLC

2.14 **Treatment**: Payment in full in Cash of Allowed Amount on the Effective Date, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of the payment.

2.15 **Voting:** unimpaired and deemed to have accepted the Plan.

## Class 6

2.16 **Classification:** MD M. Abdullah and Muslima K. Abdullah

2.17 **Treatment**: Payment in full in Cash of Allowed Amount on the Effective Date.

2.18 **Voting:** unimpaired and deemed to have accepted the Plan.

**Class 7**

2.19 **Classification:** General Unsecured Claims

2.20 **Treatment**: Pro-rata payment to each Claimant of the amount remaining after payment of Administration Claims and Classes 1 through 6 Claims

2.21 **Voting:**  Impaired and entitled to vote to accept or reject the Plan

**Article 3**

**ADMINISTRATION CLAIMS**

3.1 Allowed Administrative Expenses shall be paid in full in Cash on the later of the Effective Date, or the date such Administrative Expense becomes Allowed, except to the extent that the holder of an Allowed Administrative Expense agrees to a different treatment; provided however, that Allowed Administrative Expenses representing obligations incurred in the ordinary course of business or assumed by the Proponent shall be Paid in full or performed by the Proponent in the ordinary course of business or pursuant to the terms and conditions of the particular transaction. Any outstanding U.S. Trustee fees shall be paid in full in Cash on the Effective Date.  United States Trustee fees will be paid, and operating reports will be filed as they come due by the Debtor.

**Article 4**

**MEANS FOR IMPLEMENTATION**

4.1 **Source of Funds:** The Debtor shall implement the Plan with funds generated from his social security, contribution from family, operation of business and sale of the premises located at 663-667 Sutter Avenue, Brooklyn, NY 11207.

4.2 The Debtor's charger shall be deemed to prohibit (i) issuance of nonvoting equity securities, and (ii) the existence of securities possessing an inappropriate distribution of voting power within the meaning of section 1123(a)(6) of the Bankruptcy Code.

4.3 Transactions on the Effective Date.  On the Effective Date, unless otherwise provided by the Confirmation Order, the following shall occur, shall be deemed to occur simultaneously, and shall constitute substantial consummation of the Plan:

The Reorganized Debtor shall have the right to pursue any and all claims and Causes of Action included within the Retained Assets that the Debtor may have as of the Effective Date against any entity.  Unless a Cause of Action against an entity is, in writing, expressly waived, relinquished, released, assigned, compromised, or settled in this Plan, or in a Final Order, all rights with respect to such Cause of Action are reserved to the Reorganized Debtor (except those that constitute Avoidance Actions, which shall vest in the Rienzi Creditors' Trust).  The Reorganized Debtor shall determine when and if to pursue, compromise or not pursue any such Cause of Action as may be interest of the Reorganized Debtor.

## PRESERVATIONS OF CLAIMS

4.5 All rights pursuant to Sections 502, 544, 545 an 546 of the Bankruptcy Code, all preference claims pursuant to Section 547 of the Bankruptcy Code, all fraudulent transfer claim pursuant to Section 548 of the Bankruptcy Code, and all claims relating to post-petition transactions under Section 549 of the Bankruptcy Code shall be preserved for the benefit of the

Debtor's estate, provided, however, that the Proponent shall have sole authority for prosecuting any such claims

## ARTICLE 5

## DISTRIBUTIONS TO CREDITORS

5.1 The Proponent shall be disbursing agent under the Plan without a bond.   The Proponent reserves its right to file objections to claims in the event grounds exist to object to particular claims, for a period of 120 days after the Effective Date.  On the initial distribution date and on each distribution date as may thereafter be necessary, the Proponent shall maintain and undetermined claims distribution reserve for the holders of undetermined claims as if such was allowed in full. To the extent that an undetermined claim becomes an Allowed Claim, the distributions reserved for such Allowed Claim, shall be released from the undetermined claims distribution reserve and paid to the holder of such Allowed Claim. After the amounts of all undetermined claims have been fixed, the balance of the undetermined claims distribution reserve shall thereafter be paid in accordance with the Plan.

## Article 6

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1     All unexpired leases and executory contacts not rejected prior to the

Confirmation Date shall be deemed assumed under the Plan. In the event of a rejection of any Executory Contract which results in damage to the other party or parties to the Executory Contract, a Proof of Claim for such damages must be filed by the damaged party with the Court within sixty (60) days after the Effective Date. Each Allowed Claims arising from the rejection

of any Executory Contract shall be treated as an Unsecured Claim. Any Claim arising from the rejection of any Executory Contract not filed with the Court within the time period provided in the preceding paragraph above shall be deemed discharged and shall not be entitled to participate in any distribution under the Plan.

## Article 7

## RETENTION OF JURISDICTION

7.1     Retention of Jurisdiction. The Court shall have jurisdiction over all matters arising under, arising in, or relating to the Debtor's Bankruptcy Case including, but not limited to, proceedings:

7.2     To consider any modification of the Plan under section 1127 of the Bankruptcy Code;

7.3     To hear and determine all Claims, controversies, suits and disputes against the Debtor to the full extent permitted under 28 U.S.C. § 1334 and 28 U.S.C. § 157;

7.4     To hear, determine and enforce all Claims and causes of action which may exist on behalf of the Debtor or the Estate, including, but not limited to, any right of the Debtor or the Estate to recover assets pursuant to the provisions of the Bankruptcy Code;

7.5     To hear and determine all requests for compensation and/or reimbursement of expenses which may be made;

7.6     To value assets of the Estate.

7.7 To enforce the Confirmation Order, the final decree, and all injunctions therein;

7.8 To enter an order concluding and terminating the Bankruptcy Case;

7.9 To correct any defect, cure any omission, or reconcile any inconsistency in the Plan, or the Confirmation Order;

7.10 To determine all questions and disputes regarding title to the assets of the Debtor.

7.11 To re-examine Claims which may have been allowed for purposes of voting, and to determine objections which may be filed to any Claims.

## Article 8

## GENERAL PROVISIONS

8.1 Headings. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meaning of the Plan.

8.2 Disputed Claims. The Proponent shall hold in escrow the distribution that would be due on account of any Disputed Claim. No Disputed Claims shall be paid, nor shall distributions be made to a creditor holding a Disputed Claim, until such Claim becomes an Allowed Claim.

8.3 Calculation of Time Periods. Bankruptcy Rule 9006 is incorporated herein for purposes of calculating the dates set forth herein.

8.4     Other Actions. Nothing contained herein shall prevent the Proponent, Interest Holders, or Creditors from taking such actions as may be necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan.

8.5     Modification of Plan. The Proponent may seek amendments or modifications to the Plan in accordance with section 1127 of the Bankruptcy Code at any time prior to the Confirmation Date. After the Confirmation Date, the Proponent may seek to remedy

## Article 9

## INJUNCTION AND PROPERTY OF THE ESTATE

9.1     Injunction. The confirmation of this Plan shall constitute an injunction of the Court against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset from the Debtor or its property or properties, any obligation or debt except pursuant to the terms of the Plan

## Article 10

## CLOSING THE CASE

10.1 Upon substantial consummation, the Debtor may move for a final decree to close the Bankruptcy Case and to request such other orders as may be just.

Dated:  New York, New York
         July 24, 2018

                                                     Khan MD Nur Hossain, Debtor
                                                     Proponent, Debtor
                                                     By: /s/ _____

                                      Law Office of Narissa A. Joseph  
                                      Attorneys for Proponent  
                                      By:  /s/ Narissa A. Joseph  
                                      305 Court Street, Suite 1001  
                                      New York , NY 10007  
                                      212-233-3060